SHARON PATRICIA CARLOS *v.* DON ANTHONY CARLOS
(7412)

BORDEN, STOUGHTON and NORCOTT, Js.

Argued June 15—decision released August 22, 1989

*Joseph V. Meaney, Jr.,* with whom, on the brief, was *Thomas A. Burke,* for the appellant (defendant).

*Gerald L. Garlick,* with whom, on the brief, was *H. David Leventhal,* for the appellee (plaintiff).

PER CURIAM. This is an appeal by the defendant from the judgment of the trial court dissolving the marriage of the parties, dividing the marital assets and granting certain other relief. The defendant claims that the trial court erred in making its financial orders.

The court found the following facts. Shortly after the parties were married, the plaintiff began working for the defendant's company, a rapidly growing sales organization. In order to support a lavish life-style, they withdrew funds from the corporation, which created a severe cash flow problem for the corporation. The plaintiff, in her capacity as the office manager, failed to pay withholding and other taxes and expenses, and borrowed funds to sustain the corporation. The court found that the defendant is the sole owner of the business. It recited certain facts as having been stipulated to, and then made the financial orders of which the defendant complains.

During the trial, the parties stipulated to the following facts:

1. The plaintiff has an earning capacity of approximately $40,000 per year;

2. The Birch Road property is worth $340,000;

3. The Hurlbut Street property is worth $360,000;

4. The plaintiff's jewelry is worth $7000.

In its memorandum of decision, the trial court made the following statement:

"The parties have stipulated to and the court so finds, the following facts.

"1. The plaintiff, although not presently employed, has an earning capacity of approximately $40,000 per year.

"2. The parties' jointly owned real estate located on Birch Road in Bloomfield has a value of $340,000 and is subject to a first mortgage of approximately $43,000. In addition thereto it is encumbered by liens to the Internal Revenue Service, the State of Ohio and Connecticut National Bank totaling approximately $392,000. The plaintiff is personally liable only for the Connecticut National Bank lien of $304,000.

"3. The defendant's property located at 53 Hurlbut Street in West Hartford is valued at $360,000 and is subject to a first mortgage of $149,000, the previously described liens of $392,000 and additional liens of $162,000."

The court found that the defendant's solely owned business, although insolvent, had a positive value that the court did not have to establish because the plaintiff claimed no interest in it.

After stating that it had reviewed, weighed and considered all of the evidence and applied the applicable law, the court's judgment dissolving the marriage contained the following orders:

1. That the defendant hold the plaintiff harmless from any debts owed by his business, including any indebtedness due to the Connecticut National Bank;

2. That the defendant pay to the plaintiff $118,000, payable over five years at an annual interest rate of 10 percent and in monthly installments of $2294.69;

3. That the plaintiff may secure payment of this judgment by a lien on the real estate located at Birch Road, Bloomfield, and Hurlbut Street, West Hartford;

4. That, in lieu of installment payments, the defendant may pay the plaintiff $106,000 within 30 days;

5. That upon full payment, the plaintiff shall quitclaim her interest in the Birch Road, Bloomfield, property to the defendant.

The defendant correctly points out that the parties never stipulated as to the encumbrances on the various properties. There was testimony from which the court might have found that there were liens on both properties in favor of the Internal Revenue Service in the amount of $280,000, the state of Ohio in the amount of $60,000 and Connecticut National Bank in the amount of $304,000. These amounts total $644,000, not $392,000.

There also was testimony that the amount due the Internal Revenue Service was "at least $180,000." It is true, as the plaintiff argues, that the figure of $392,000 may be arrived at by using $180,000 instead of $280,000 and including only one half of the $304,000 bank debt. Adding $180,000, $60,000 and $152,000 would produce a total of $392,000 for the encumbrances.

More important than any speculation about how the trial court might have arrived at the amount of the encumbrances is the fact that the parties had never agreed on these figures. We read the memorandum of decision as stating that the parties stipulated to facts including the total amount of the encumbrances. For that reason, we are constrained to find that the underpinning of the decision is not sound even though the award may be fair. "The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other." *Ehrenkranz* v. *Ehrenkranz,* 2 Conn. App. 416, 424, 479 A.2d 826 (1984).

There is error in part, the judgment is set aside as to the trial court's financial orders and the case is remanded for a new hearing on those issues.